United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jorge Macli, Movant, | ) |
| | ) |
| v. | ) Civil Action No. 16-23421-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

### Order Adopting Magistrate Judge's Report and Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. Movant Jorge Macli raises five claims in his 28 U.S.C. § 2255 petition for habeas relief. With respect to his fifth claim, that he received ineffective assistance from counsel regarding the plea-bargaining process, Judge White held an evidentiary hearing on June 5 and 6, 2018. Thereafter, on November 5, 2018, Judge White issued a report, recommending that the Court deny Macli's motion in its entirety. (Report of Magistrate, ECF No. 54.) Macli's counsel filed objections (ECF No. 59) and the Government filed objections to the report (ECF No. 58.) Macli then filed a motion to supplement his counsel's objections in a pro se capacity. (ECF No. 65.) According to the motion, Macli had been injured and hospitalized during the objection period and disagreed with his counsel's decision to file objections to certain aspects of the report and not others. (*Id.*) The Court granted the extension and Macli filed his supplemental objections on March 5, 2019. (ECF No. 67.) The Government responded to both sets of objections. (ECF Nos. 63, 70.)

As an initial matter the Government, in its objections, directs the Court's attention to nine discrete factual findings presented in the report that it believes warrant clarification. (ECF No. 58.) The Court acknowledges these proposed corrections but at the same time notes that none of these findings affect the ultimate outcome in this case.

The facts of Macli's petition are set forth in extensive detail in Magistrate Judge White's Report and Recommendation, and further supplemented by parties multiple objections and responses. To summarize, Macli, along with his father and sister, was charged with a series of health care fraud and money laundering offenses related to the operations of Biscayne Milieu, a mental health center. (ECF No. 54 at 3.) After a 30-day trial, Macli was convicted of multiple counts of health care fraud, health care fraud conspiracy, payment of health care

kickbacks, conspiracy to pay health care kickbacks, money laundering, and conspiracy to commit money laundering. Macli was sentenced to 300-months in prison with a loss amount of $11 million. Macli appealed and the Eleventh Circuit affirmed his conviction. (*Id.* at 12.)

Before this Court, Macli raises five grounds for relief.

    (1) Counsel misapprehended the governing law and how it applied to the evidence, resulting in a futile defense strategy.
    (2) The government violated due process of law and its duty to ensure a faire trial when it engaged in pretrial discovery tactics designed to surreptitiously discovery the defense strategy.
    (3) The government knowingly presented unreliable and false testimony in violation of due process.
    (4) Federal fraud statutes are unconstitutionally vague and as applied constitute a bill of attainder or an ex post facto law.
    (5) Counsel provided ineffective assistance in connection with the plea bargaining negotiations.

(*Id.* at 2.) Judge White determined that Macli's ineffective assistance of counsel claim warranted an evidentiary hearing. During the evidentiary hearing, the government called Macli's trial counsel and his father's trial counsel to testify. (*Id.* at 23.) Macli's counsel called Macli and his father, Antonio Macli, to testify. (*Id.*)

Judge White found that Macli is unable to show deficient performance or prejudice arising from counsel's failure to advise him regarding pleading guilty. (*Id.* at 37.) Judge White found that Macli's testimony that he would have pled guilty had he been advised of the strength of the government's case against him *or* if he had been advised that he could plead guilty in open court without being constrained to the government's plea offer were disingenuous. (*Id.* at 33.) The testimony presented during the evidentiary hearing revealed that Macli "repeatedly insisted that he would only accept a plea offer under which he would serve five years." (*Id.* at 34.) Therefore, Judge White rejected Macli's "self-serving, disingenuous" testimony that he would have accepted a plea offer had he been given proper advice. The Court agrees with Judge White's analysis.

With regard to the remaining four grounds, the Court has considered—*de novo*—Magistrate Judge White's Report, Macli's multiple objections, the Government's responses, the record, and the relevant legal authorities. For each of Macli's arguments, Judge White analyzed Macli's allegations and correctly found no deficiency or prejudice.

Accordingly, the Court **affirms and adopts** Judge White's report and recommendation. (**ECF No. 54**.) The Court **denies** Macli's petition in its entirety (**ECF No. 1**). The Court does not issue a certificate of appealability. Finally, the

Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on May 23, 2019.

Robert N. Scola, Jr.
United States District Judge