United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 11-20587-CR- |
| | ) | Scola |
| Jorge Macli, Defendant. | ) | |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Jorge Macli's pro se motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF Nos. 1652. 1654.)[1] The Government has responded (Gov't Resp., ECF No. 1656), and the time for Macli to reply has passed. After consideration of the motions, the record, and the relevant legal authorities, the Court **denies** Macli's motions to reduce his sentence. (**ECF Nos. 1652, 1654.**)

### 1. Background

Following an eight-week trial, a jury found Macli guilty of: (1) one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, (2) two counts of health care fraud in violation of 18 U.S.C. § 1347, (3) one count of conspiracy to receive and pay health care kickbacks in violation of 18 U.S.C. § 371, (4) eleven counts of payment of kickbacks in connection with a federal health care program in violation of 42 U.S.C. § 1320a-7b(b)(2)(A), (5) one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and four counts of money laundering in violation of 18 U.S.C. § 1957. (ECF No. 846). In April 2013, Macli was sentenced to 300 months' imprisonment, followed by three years of supervised release. (ECF No. 1281). Macli has served approximately 166 months out of his 300-month sentence.

Macli has previously moved twice for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 1588, 1620.) The Court denied both motions because Macli did not offer any "extraordinary and compelling" reasons warranting release, the § 3553(a) factors did not weigh in favor of release, and, lastly, because Macli was a danger to the community. (ECF Nos. 1602, 1626.) After the first denial, Macli proceeded pro se and filed a motion for reconsideration that was denied, appealed, and then affirmed by the Eleventh Circuit. (ECF Nos. 1603, 1604, 1606, 1629.)

---

[1] Macli filed substantively identical motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and so the Court addresses them simultaneously.

Macli now moves, yet again, for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## 2. Legal Standard

Macli seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) which allows courts to "reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a)" if the reduction is supported by "extraordinary and compelling reasons" and is consistent with the "applicable policy statement[]." The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)–(6).

Lastly, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

The Court finds that Macli is ineligible for a sentence reduction under § 3582(c)(1)(A) because he has not shown "extraordinary and compelling" reasons and the § 3553(a) factors weigh against relief.[2]

### A. Macli has not shown extraordinary and compelling reasons for a sentence reduction.

Macli has not shown that there are extraordinary and compelling reasons that merit a sentence reduction. Macli's purported extraordinary and compelling reasons for a sentence reduction are an unusually long sentence and his family circumstances.

Macli does not establish that his sentence is "unusually long" so as to warrant relief. U.S.S.G. § 1B1.13 (b)(6) allows courts to consider when a change in the law creates a "gross disparity" between the "sentence being served and the sentence likely to be imposed at the time the motion is filed." The first change Macli relies on is the United States Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022). (Def.'s Mot. at 13.) In *Ruan*, the Supreme Court held that 21 U.S.C. § 841's "'knowingly or intentionally' *mens rea*" applies to the statute's "except as authorized" clause. 597 U.S. at 457. However, Macli was not prosecuted under 21 U.S.C. § 841, and he does not point to any similar "except as authorized" provisions in the statutes he violated. Even if *Ruan* had been decided earlier, it still would not have had any effect on Macli's sentence. Therefore, *Ruan* does not create a "gross disparity" between Macli's sentence and what he would likely be sentenced to now.

Macli also relies on 18 U.S.C. § 3632(d)(4), a provision of the First Step Act of 2018, as an additional change in the law that creates the "gross disparity" described in U.S.S.G. § 1B1.13 (b)(6). (Def.'s Mot. at 14-18.) The statute provides incentives in the form of time credited towards a prisoner's sentence if the prisoner participates in "evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d)(4)(A). However, a "prisoner may not earn time credits" for programs completed "prior to the date of enactment." 18 U.S.C. § 3632(d)(4)(B)(i). Macli argues that this restriction itself creates an "extraordinary and compelling" sentencing disparity under § 1B1.13 (b)(6). (Def.'s Mot. at 18.) However, Macli does not offer any caselaw to support his position. Moreover, completion of these programs prior to the enactment of the First Step Act is not, by itself, extraordinary since any inmate imprisoned before 2018 could be in the same position. *See U.S. v. Crisp*, No. 1:11-CR-00026-JLT-1, 2022 WL 3448307, at *11 (E.D. Cal. Aug. 17, 2022). Thus, the

---

[2] The parties do not dispute that Macli has exhausted his administrative remedies.

Court rejects Macli's argument that the First Step Act's restriction on earning time credits constitutes an "extraordinary and compelling" reason to reduce his sentence.

Nor do Macli's family circumstances constitute an "extraordinary and compelling" reason under U.S.S.G. § 1B1.13(b)(3)(C). Section 1B1.13(b)(3)(C) states that family circumstances may constitute extraordinary and compelling reasons for a sentence reduction where "the defendant would be the only available caregiver" for an incapacitated parent. U.S.S.G. § 1B1.13(b)(3)(C). Here, Macli points to his mother's "age," "partial paralysis," and her "partial[] blind[ness]." (Def.'s Mot. at 19.) However, Macli also concedes that his sister is currently caring for his mother. (*Id.*) While the Court is sympathetic to Macli's mother's condition, a preference for Macli to be the caregiver over his sister does not make Macli "the only available caregiver." Thus, neither Macli's family circumstances nor the length of his sentence constitute "extraordinary and compelling reasons" warranting relief under § 3582(c)(1)(A).

### B. The § 3553(a) factors weigh against relief.

Even if Macli had demonstrated extraordinary and compelling reasons for a sentence reduction, he has not shown that "the § 3553(a) sentencing factors favor" a reduction in his sentence and that "doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker*, 14 F. 4th at 1237.

In particular, § 3553(a)(6) lists the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" as a factor to consider. Macli's offense level of 40 was the result of various upward adjustments based on his offense characteristics. (ECF No. 1335, 75.)  In his motion, Macli offers two cases where defendants involved in a Medicare fraud schemes received significantly lower sentences. (*See* Def.'s Mot. at 21-22.) However, Macli does not provide specific comparisons between his offense characteristics and that of the defendants in the cases he cites. Furthermore, in the cases of *United States v. Diaz* and *United States v. Duboc*, the citations seem to be incorrect. (*See id.*) Although the Court recognizes the flexibility due to a pro se defendant, it is impossible to validate Macli's argument without being able to locate the cases he cites. Given that Macli's sentence was near the bottom of his sentencing guidelines (*see* ECF No. 1335, 75), Macli has not established that his sentence creates an unwarranted disparity.

The Court also finds that Macli continues to present a danger to the community. In prior orders, the Court noted Macli's history of "mak[ing] self-serving statements" (ECF No. 1602, 3), while facially accepting responsibility

for his actions (ECF No. 1588, 12). In a later order, the Court expressed concerns over Macli's character because he "denies culpability, accepts no responsibility, and shows no remorse for his crimes." (ECF No. 1626, 3.) In the instant motion, Macli again advances arguments that minimize or mischaracterize the criminal nature of his conduct. (Def.'s Mot. at 5–6, 13–14.) This continued denial of responsibility indicates that Macli still presents a danger to the community. *See U.S. v. Okonkwo*, No. 6:14-cr-5-Orl-40GJK, 2020 WL 5265063, at *4 (M.D. Fla. July 14, 2020) (finding that a defendant "continues to present a danger to the community, as demonstrated by his lack of acceptance of responsibility"). Ultimately, releasing Macli now would not adequately account for the severity of his crimes, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or properly avoid unwarranted sentencing disparities between defendants who have committed similar offenses. In short, the 3553(a) factors do not weigh in favor of Macli's release.

### C. Conclusion

Accordingly, based on the foregoing, the Court **denies** Macli's motions (**ECF No. 1652, 1654**).

**Done and ordered** in Miami, Florida on July 18, 2025.

Robert N. Scola, Jr.
United States District Judge